TREVOR J. HATFIELD, ESQ.
Nevada Bar No. 7373
**HATFIELD & ASSOCIATES, LTD.**
703 South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
(702) 386-9825 Fax
thatfield@hatfieldlawassociates.com

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| AMY REYNOLDS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>YB LAS VEGAS LLC D/B/A/ YARDBIRD SOUTHERN TABLE & BAR. A FOREIGN CORPORATION,<br><br>Defendant. | CASE NO:<br><br>**COMPLAINT**<br><br>**(JURY TRIAL DEMANDED)** |

COMES NOW, Plaintiff AMY REYNOLDS (hereinafter, "Plaintiff"), by and through her counsel, the law firm of Hatfield & Associates, Ltd., and alleges upon information and belief against the above-captioned Defendant as follows:

**PARTIES**

1. At all times relevant hereto, Plaintiff, residing in Nevada, was employed by Defendant within the meaning of the definition of 42 U.S.C. Section(s) 2000e *et seq.*, Title VII of the Civil Rights Act of 1964, and laws of the State of Nevada.

2. Upon information and belief, at all times relevant hereto, Defendant is or was a domestic or foreign corporation or similar business entities organized and existing under the laws of the State of Nevada or which regularly conducted business in Nevada or were foreign corporations which regularly conducted business in Nevada.

1

3. Defendant regularly employ fifteen or more persons.

## JURISDICTION AND VENUE

4. The jurisdiction of this Court is predicated upon 28 U.S.C. Section 1331 and 1343, to redress the unlawful deprivation of Plaintiff's rights secured, guaranteed and protected by federal law. This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the common law and statutes of the State of Nevada, and which arise from a common nucleus of operative fact pursuant to 28 U.S.C. Section 1367.

5. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. Section 1391(b), wherein Plaintiff resides, or resided, and Defendants reside or resided, and/or regularly conducts business and where all the wrongful conduct occurred.

6. Plaintiff demands a jury trial of this case pursuant to Local Rule 38-1 and 28 U.S.C. Section 1411.

## ADMINISTRATIVE PREREQUISITES

7. Plaintiff has complied with all the administrative prerequisites to action under Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sections 2000e-5 by timely filing a formal charge of discrimination with the Nevada Equal Rights Commission [hereinafter "NERC"]. NERC has a file sharing agreement with the Equal Employment Opportunity Commission [hereinafter "EEOC"]. Plaintiff promptly and diligently accommodated all NERC requests for information and fully cooperated in the agency's investigation of this matter.

8. Upon information and belief and at all relevant times, Defendant employed in excess of fifteen (15) employees for at least twenty (20) calendar weeks from 2019 to the present time and was further engaged in an industry directly affecting interstate commerce. Plaintiff has exhausted all available administrative remedies in accord with the aforementioned statutes prior to instituting this civil action, and Plaintiff has timely filed this action.

# FACTUAL ALLEGATIONS

9. Plaintiff is a woman. She was hired by Defendant in February 2019. Defendant is in the fine dining restaurant business. Plaintiff was hired as a sous chef. She was terminated by Defendant on August 3, 2020.

10. In or around July 2019, Plaintiff expressed interest in preparing for a potential promotion to executive sous chef. She was told by her Supervisor, Joe Johnson, that she was "too aggressive" and "not motherly and nurturing enough" for the position. When Plaintiff asked Mr. Johnson how she could progress in her career with Defendant, he responded, "don't you have kids at home to take care of?" Plaintiff still expressed interest in a promotion. Mr. Johnson told Plaintiff that she needed to be on an Action Plan and submit a request to be a trainer, which Plaintiff did. However, Plaintiff was not selected for the promotion.

11. She was subjected to unwanted touching, including being kissed on the side and back of her head by Director, Greg Thomas, in December 2019, that was witnessed by many people. Plaintiff reported the unwanted kissing to Defendant's General Manager Steven Stolz who, although having witnessed the kissing, did nothing to instill any confidence that behavior would not be tolerated. Rather, Mr. Stolz was upset at Plaintiff for reporting this disrespectful and inappropriate action of Mr. Thomas.

12. Additionally, Plaintiff was asked inappropriate and offensive questions by Mr. Thomas, her Director, such as, "don't you have kids at home to take care of?" when inquiring about the executive sous chef position with Defendant. Mr. Thomas told her that her husband was too young to be retired, despite having been a career member of the United States Air Force. Her husband was mocked too by Mr. Thomas for being a stay-at-home husband who cared for their children, as well, which in effect and purpose was designed to be hostile comments toward Plaintiff regarding her gender.

13. Plaintiff was also mocked by (former) Chef Angelo Landi for walking with a limp from recently having had knee surgery in Spring 2020. Mr. Landi was later terminated by Defendant. Unfortunately, Mr. Landi's termination resulted in turning the question of Plaintiff's promotion back to Mr. Thomas.

14. On July 7, 2020, a meeting was held with Mr. Thomas and Plaintiff. Mr. Thomas made several statements inferring that if Plaintiff was to be promoted, she would be indebted to him and would owe him (at least) loyalty. He stated to her, "if you were a man people would think you are a leader, but because you are a woman people think you are bitch." Plaintiff then terminated the meeting. Thereafter, Plaintiff was pressured to quit her job by Mr. Thomas. On July 13, 2020, Mr. Thomas told Plaintiff to either trust him or "shake his hand and part ways." Plaintiff told Mr. Thomas she would not resign so Mr. Thomas spread rumors that Plaintiff intended to quit her job. In fact, on August 3, 2020, Plaintiff was terminated by a newly hired chef that had no reason to give her for her termination.

15. Subsequently, Plaintiff learned that a much less qualified male person was hired over her even though she had earned a promotion to executive sous chef but was unjustly denied that promotion by Mr. Thomas. Moreover, Plaintiff had performed all of the work of an executive sous chef without being appropriately paid a salary commensurate with that work.

16. Defendant's stated reason for terminating Plaintiff, that she was an unfit and incompetent employee and was not bullied or harassed but was a bullying and harassing employee in her own right is pretextual and untrue. Plaintiff was subjected to harassment and hostility due to her gender and she was truly terminated for complaining of gender harassment and hostility in the workplace.

///

///

4

# CAUSES OF ACTION

## FIRST CAUSE OF ACTION

**(Discrimination Under State and Federal Anti-Discrimination Statutes in Violation of Title VII: National Origin, Race, Color and Sex – Gender Discrimination)**

17. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

18. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to hostility, harassment and gender motivated discriminatory practices, comments, and actions all of which are illegal activities as directed, ratified tolerated by her employer.

19. As a result of Defendant's above-stated actions, Plaintiff has suffered irreparable injuries and deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

20. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

21. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

///

///

///

///

## SECOND CAUSE OF ACTION

**(Retaliation in Violation of Title VII: National Origin, Race, Color and Sex)**

22. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

23. Defendant retaliated against Plaintiff for her complaints of hostility, harassment and gender motivated discriminatory practices, comments, and actions all of which are illegal activities as directed, ratified tolerated by her employer.

24. Such adverse employment actions by Defendant was in violation of the law.

25. As a result of Defendant's above-stated actions, Plaintiff has suffered deprivation of income in the form of wages and prospective benefits, promotion opportunities and job assignments due to her as an employee, and emotional pain and suffering, mental anguish, humiliation, embarrassment, indignity, and other intangible injuries in an amount to be proven at trial.

26. As a further result of Defendant's above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

## THIRD CAUSE OF ACTION

**(Violation of Nevada Statutory Protections)**

27. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs of the Complaint as though set forth at length herein.

///

///

///

///

28. NRS § 613.330 makes it unlawful for an employer to permit gender harassment, hostility in the workplace, or to discriminate against any employee because of their gender. Defendant's conduct as detailed herein, was in fact illegal. Plaintiff was subjected to sexual harassment and hostility in the workplace, as well as gender related and motivated discriminatory practices, comments, and actions all of which are illegal activities as directed, ratified tolerated by her employer.

29. As a direct and proximate result of Defendant's violation of N.R.S. § 613.330, Plaintiff has suffered lost wages, lost benefits, lost seniority, lost future earnings, lost employment opportunities, humiliation, embarrassment, and loss of self-esteem in an amount to be determined at trial. Therefore, Plaintiff seeks all legal and equitable remedies available at law.

30. Plaintiff should be awarded punitive damages as well because of Defendant's extreme and outrageous conduct.

31. As a further result of Defendants' above-stated actions, it has been necessary for Plaintiff to obtain the services of the law offices of Hatfield & Associates, Ltd., to prosecute this action, and Plaintiff is entitled to reimbursement for those attorney's fees and costs which have been reasonably incurred.

**REQUEST AND PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment and damages against Defendant as follows:

1. Enter an injunction ordering Defendant to make Plaintiff whole with full back pay, and benefits and reinstatement of sick leave time that Plaintiff would have obtained in the absence of discrimination or, in the alternative, front pay;

2. An award to Plaintiff for compensatory damages in amount to be shown at trial for past and future economic and non-economic losses within this Court's jurisdiction subject to proof;

///

3. An award to Plaintiff for general damages, including but not limited to emotional distress damages, within this Court's jurisdiction subject to proof;

4. An award to Plaintiff for exemplary and/or punitive damages;

5. An award to Plaintiff for reasonable attorney's fees and costs as provided under law;

6. An award to Plaintiff interest on any awards at the highest rate allowed by law; and such other and further relief as this Court deems just and appropriate.

Dated this 31st day of August 2021.

**HATFIELD & ASSOCIATES, LTD.**

By:  /s/ *Trevor J. Hatfield*

Trevor J. Hatfield, Esq. (SBN 7373)
703    South Eighth Street
Las Vegas, Nevada 89101
(702) 388-4469 Tel.
*Attorney for Plaintiff*